**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-6242**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FENCEL O'HARA MARTIN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (2:88-cr-00076-JCC-JF)

─────────────

Submitted: May 16, 2006                     Decided: May 23, 2006

─────────────

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Fencel O'Hara Martin, Appellant Pro Se. Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Fencel O'Hara Martin seeks to appeal the district court's order denying relief on his motion filed under 18 U.S.C. § 3582(c)(2) (2000), which the court construed under 28 U.S.C. § 2255 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Martin has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Martin's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional

law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense.  28 U.S.C. §§ 2244(b)(2), 2255 (2000).  Martin's claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>